(C. D. 1901)

J. G. PHILEN, JR., COMPANY v. UNITED STATES

United States Customs Court, Third Division

(Decided July 29, 1957)

*Fred Bennett*; *Brooks & Brooks* (*J. Joseph McDermott* of counsel) associate counsel; for the petitioner.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the respondent.

Before JOHNSON and DONLON, Judges

DONLON, Judge: Additional taxes under section 489 of the Tariff Act of 1930 were assessed with respect to undervaluation of 22 entries of istle fiber, at the port of Brownsville, Tex., between March 15, 1946, and June 9, 1948. The petitions before us, consolidated for trial, seek refund of these additional taxes.

Petitioner has the burden, in such cases, of showing that the entry undervaluation was without intention to defraud the revenues of the United States Government, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise. Section 489, *supra*. Mere affirmation of good faith is not enough. *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507.

The evidence before us is persuasive with respect to 20 of the entries here involved. It is not persuasive as to the other two entries.

It appears from the record that Burlington, Vt., the principal situs of petitioner's business, is the chief market in the United States for istle fiber; that the invoice price to petitioner had been, for many years prior to 1946, accepted by the Government as the foreign

(Mexican) value of such merchandise, and appraisal was made uniformly at such value, whether merchandise was entered at Burlington or elsewhere; that, in 1946, the Government, as a result of independent inquiry, came to hold the view that there was not, or might not be, a foreign value for this merchandise, and, thereupon, the Government suspended appraisements of istle fiber, pending conclusion of the inquiry; that petitioner generally cooperated in that inquiry and made available its records, but failed to disclose to the appraiser that a bonus price was paid for the merchandise of two of these entries; that appraisement of all entries, save only the 22 entries which are here involved, was suspended pending conclusion of the Government investigation; that this investigation resulted after litigation, in appraisement of all entries at United States selling price instead of foreign value; that this was in excess of entered value, but less than the value first asserted by the appraiser; that petitioner was cooperative and amended all open entries when the value issue was resolved; that it could not then amend these 22 entries, and these alone out of hundreds of entries pending, because the merchandise of these entries had already been appraised.

We are not impressed that petitioner's failure to disclose the so-called price bonus, paid on the merchandise of two of these entries, is compatible with the good faith petitioner claims. Even if there were no prior contractual commitment to pay the bonus, petitioner was an extensive and continuing buyer of istle fiber. There is evidence that, at the time of these importations, it was difficult to get istle fiber in adequate supply. There is no evidence how petitioner treated, for income tax and other business purposes, what it calls a gratuity, but it is clear that it was a payment from buyer to seller and one not disclosed to the appraiser. This concealment may have been advertent or inadvertent. At the least, there is not the affirmative evidence of good faith as to these two entries, which it is petitioner's burden to produce.

The standards of proof required of petitioners for remission of additional duties under section 489 have been reviewed in two current opinions of our appeals court, both handed down June 10, 1957. *B. K. Elliott Company* v. *United States*, 44 C. C. P. A. (Customs), 189, C. A. D. 659, reversing *idem* Abstract 60241, 37 Cust. Ct. 361; *F. W. Myers & Co., Inc.* v. *United States*, 44 C. C. P. A. (Customs) 195, C. A. D. 660, affirming *idem* Abstract 59756, 36 Cust. Ct. 366. The decisions in those cases confirm our opinion that, on all of the evidence before us, petitioner has met the burden of proof laid on it by section 489 as to 20 of its entries, noted below in the attached summary as the entries respecting which the petitions for remission are granted; and that it has not met its burden of proof as to the remaining 2 entries,

identified below as those respecting which the petitions for remission are denied.

Judgment will be entered accordingly.

Entries as to which petitions are granted:

| Petition No. | Entry No. |
|---|---|
| 6948–R | 1204–B |
| | 1210–B |
| | 1252–B |
| | 1274–B |
| | 1306–B |
| | 1313–B |
| | 1353–B |
| | 1396–B |
| | 1408–B |
| | 1569–B |
| | 13–B |
| | 53–B |
| | 269–B |
| | 359–B |
| | 427–B |
| | 1331–B |
| | 1581–B |
| | 1723–B |
| | 1765–B |
| 6958–R | 12–B |

Entries as to which petitions are denied:

| Petition No. | Entry No. |
|---|---|
| 6948–R | 388–B |
| 6958–R | 1397–B |